

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Gagliardi v. US Govt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gagliardi v. US Govt" (2006). *2006 Decisions.* Paper 367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-332                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1288

ANTHONY GAGLIARDI,
                                        Appellant

v.

UNITED STATES GOVERNMENT; UNITED STATES MAGISTRATE ANGELL;
ASSISTANT U.S. ATTORNEY BARRY GROSS; WARDEN MOTLEY, F.D.C.
PHILADELPHIA, PA; U.S. MARSHALL SERVICES, PHILADELPHIA, PA;
DR. MASSA, HEALTH SERVICE F.D.C. PHILA, PA; AGENT MICHAEL
CARLSON, MONTGOMERY CO. PA; DR. REYNOLDS, HEALTH SERVICE
F.D.C. PHILA., PA; DR. MARTINEZ, ADMINISTRATIVE HEALTH
SERVICE F.D.C. PHILA. PA

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(Civ. No. 05-cv-00452)
District Judge: Honorable Michael M. Baylson

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)
September 8, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed October 3, 2006)

OPINION

PER CURIAM

        Anthony Gagliardi appeals <u>pro</u> <u>se</u> from an order of the District Court dismissing

his civil rights action.  Gagliardi filed this action pursuant to <u>Bivens v. Six Unknown</u>

<u>Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 42 U.S.C.

§ 1983 in the District Court in 2005, alleging that Defendants[1] denied him adequate medical care while he was incarcerated at the Federal Detention Center ("FDC") in Philadelphia.[2] Gagliardi's complaint alleges that Appellees engaged in a conspiracy to deprive him of medicines necessary to treat his many illnesses and conditions, and that this deprivation amounted to punishment and torture which rose to the level of an Eighth Amendment violation.

Both the federal and Commonwealth defendants filed motions to dismiss the complaint under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), to which Gagliardi responded. The District Court dismissed Gagliardi's complaint without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). Gagliardi timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant Defendants' motions to dismiss. Broselow v. Fisher, 319 F.3d 605, 607 (3d Cir. 2003). As the District Court observed, the Prison Litigation Reform Act ("PLRA") requires that a prisoner plaintiff filing a suit pertaining to prison conditions under 42 U.S.C. § 1983 or other federal law must first exhaust "such

---

[1]Federal defendants in this case are Drs. Reynolds, Martinez, and Massa, who are employed as medical staff at the Federal Detention Center in Philadelphia ("FDC"); Edward Motley, the former warden of the FDC; Assistant United States Attorney Barry Gross; the U.S. Marshals Service; and M. Faith Angell, a United States Magistrate Judge. Agent Michael Carlson, an employee of the Pennsylvania Office of the Attorney General, is the sole Commonwealth defendant named in the complaint.

[2]Gagliardi filed a separate action against Defendant Reynolds, asserting medical malpractice claims based on the same underlying allegations. That suit, originally docketed at Civ. No. 05-00579, was consolidated with this one by the District Court in an order entered on February 25, 2005.

administrative remedies as are available." See 42 U.S.C. § 1997e(a). See also Nyhuis v. Reno, 204 F.3d 65, 68-69 (3d Cir. 2000). The Federal Bureau of Prisons' ("BOP's") administrative remedy process requires that if an inmate has unsuccessfully attempted to resolve the issue or problem informally, he may submit administrative remedy requests to the Warden, the BOP Regional Director, and then to the BOP Central Office. 28 C.F.R. §§ 542.13 -.15. An inmate has 20 days from the date of the incident in which to submit an Administrative Remedy Request on the appropriate form (called a "BP-9"). § 542.14(a). Although Gagliardi asserts in his complaint that he attempted to bring his grievances to the attention of FDC authorities in various ways (e.g., submitting daily sick call requests, placing his complaints "in writing" in the outgoing mail, having his family and physicians send emails to various government officials), nowhere does he state that he submitted a BOP administrative remedy form within the appropriate time frame, and there is no evidence in the record that he did so. Indeed, Gagliardi essentially admits as much in his opposition to Defendants' motions to dismiss when he argues that the BOP's administrative remedy process would be "primitive" when compared to the "remedy process" that he began by instituting this suit. See Dkt. # 23 at 12.

After a careful review of the record, we agree with the District Court that Gagliardi failed to exhaust his administrative remedies. His complaint, therefore, was properly dismissed for failure to exhaust under § 1997e(a). As the record reveals no arguable basis in fact or law on which to base an appeal from the District Court's judgment, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). See Nietzke v. Williams, 490 U.S. 319, 325 (1989).